[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Homeland Development, LLC, is a limited liability company doing business in the City of Shelton, Connecticut. The defendant, Bartomeli Company, Incorporated installed a sewer line for the plaintiff. The plaintiff's argument is that the work accomplished by the defendant allegedly performed under a contract conditionally assigned to the plaintiff by the previous owner of the property, was improper.
The plaintiff purchased the property known as Lot 14, Centerview Drive, Shelton, Connecticut. At the time of purchase, money was escrowed to pay for sewer line installation in order that a residential home could be constructed on the property. The plaintiff argues that the sewer line installation by the defendant Bartomeli Company was faulty, unworkmanlike, and in violation of applicable codes, and consequently the plaintiff hired various companies to dig up and replace the sewer line at a cost of $10,253.86.
The defendant filed an answer and trial was held before the court on September 8, 2000. At trial, the defendant put forth two defenses. Each defense raised was established based on the original contract agreed to by the defendant Bartomeli Company. First, the defendant Bartomeli Company argues that the contract was not assignable. Second, the defendant Bartomeli Company argues that the terms of the contract specifically exonerates the defendant from liability for damages as the defendant was not offered an opportunity to correct any of its original work.
First, as to the claim by the defendant that the contract could not be assigned, the court finds for the plaintiff. Any validity to this defense was waived by the defendant Bartomeli Company when the work was performed. The defendant in this action actually testified that he has actual knowledge of the assignment. Further, constructive knowledge of the assignment is evidenced by the communications between the two parties, the plaintiff and the defendant. As an example, Defendant's Exhibit C, a faxed transmission between the parties, demonstrates that the defendant had actual knowledge as to whom the work was being performed for and that the party was the plaintiff Homeland Development.
The second defense put forth by the defendant is that the Bartomeli Company was to have the first opportunity to repair any defects in the work completed by them. The defendant argues that because they received no request to repair or replace any of the work completed by them that it CT Page 12383 is relieved of its liability.
The defendant specifically bases this defense on a term which they alleged in the parties' contract, condition number 5, which it argues was agreed to in the contract.
The contract as offered by the plaintiff had no conditions attached. The contract as offered by the defendant had twelve boilerplate terms and conditions offered as incorporated into the contract.
It is well established in law that any ambiguity in a contract must be decided against the drafter. Here, the defendant drafted the contract. To be sure that any conditions were included in the contract was t-he responsibility of the defendant who created the contract. The defendant here is therefore not able to avail itself of that particular defense. Additionally, the defendant Bartomeli Company cannot contract away its obligation to perform work in a workmanlike manner.
In conclusion, the court finds that the plaintiff paid $10,253.86 to fix the work originally performed by Bartomeli Company. The plaintiff testified that $2,200 of this total amount was for rock blasting. The court finds that rock blasting was not foreseeable to either party at the original time of the contract. Therefore, the plaintiff's damages are mitigated by $2,200 and this court awards the plaintiff, Homeland Development, LLC a total of $8,053.86.
BY THE COURT,
Philip E. Mancini, Jr. Judge Trial Referee